MICHAEL J. STRUMWASSER (SBN 58413)
ANDREA SHERIDAN ORDIN (SBN 38235)
SALVADOR E. PÉREZ (SBN 309514)
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Tel: (310) 576-1233
Fax: (310) 319-0156
Email:  mstrumwasser@strumwooch.com
        aordin@strumwooch.com
        sperez@strumwooch.com

CARA L. JENKINS (SBN 271432)
BRIAN A. BOBB (SBN 250594)
SULI A. MASTORAKOS (SBN 330383)
OFFICE OF LEGISLATIVE COUNSEL
925 L Street, Suite 900
Sacramento, California 95814
Tel: (916) 341-8323
Fax: (916) 341-8290
Email:  suli.mastorakos@legislativecounsel.ca.gov

*Attorneys for Defendants Marie Alvarado-Gil,
in her official capacity as California State Senator;
and Vanessa Bravo, in her official capacity as Chief
of Staff to Senator Alvarado-Gil*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO,<br><br>                       Plaintiff,<br><br>   v.<br><br>MARIE ALVARADO-GIL, et al.,<br><br>                   Defendants. | Case No. 2:24-CV-02181-DC-JDP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FEDERAL RULE 12(c) AND MOTION TO DISMISS UNDER FEDERAL RULE 12(h)(3)**<br><br>Date:     June 5, 2025<br>Time:    10:00 a.m.<br>Judge:   Hon. Jeremy D. Peterson<br><br>Action Filed: August 14, 2024<br><br>First Amended Compl. Filed: September 24, 2024 |

Printed on Recycled Paper

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................3

INTRODUCTION & BACKGROUND ....................................................................................5

LEGAL STANDARD...............................................................................................................6

ARGUMENT............................................................................................................................7

I.      THE ELEVENTH AMENDMENT PRECLUDES ALL CLAIMS AGAINST
        DEFENDANTS .............................................................................................................7

II.     EVEN IF PLAINTIFF HAD SUED DEFENDANTS IN THEIR PERSONAL
        CAPACITY, QUALIFIED IMMUNITY WOULD BAR PLAINTIFF'S CLAIMS..................8

        A.    Plaintiff Fails to Plausibly Allege Any Constitutional Violation by Any Defendant..............8

            1.    Plaintiff Fails to State a First Amendment Claim Against Defendants ..............................8

            2.    Plaintiff Fails to State a Fourth Amendment Claim Against Defendants..........................9

            3.    Plaintiff Fails to State a Ninth Amendment Claim Against Defendants ..........................10

            4.    Plaintiff Fails to State an Equal Protection Claim Against Defendants............................10

        B.    Plaintiff Fails to Plausibly Allege That Defendants Violated Any
              "Clearly Established" Constitutional Right ..........................................................................11

CONCLUSION..........................................................................................................................12

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

## TABLE OF AUTHORITIES

### SUPREME COURT CASES

*Ashcroft v. al-Kidd*, 563 U.S. 731.........................................................................................8, 11

*Ashcroft v. Iqbal*, 556 U.S. 662.........................................................................................6, 7, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544..............................................................................7

*Brower v. County of Inyo*, 489 U.S. 593...............................................................................9

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788 ..................................9, 12

*District of Columbia v. Wesby*, 583 U.S. 48 ........................................................................11

*Greer v. Spock*, 424 U.S. 828...............................................................................................9

*Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640 ....................................9

*Kisela v. Hughes*, 584 U.S. 100 ..........................................................................................11

*Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37.............................................9

*Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 ......................................................................10

*Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819.............................................8

*United States v. Mendenhall*, 446 U.S. 544 ..........................................................................10

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 ...................................................................7

*Zemel v. Rusk*, 381 U.S. 1 ...................................................................................................9, 12

### FEDERAL CASES

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696..................................................................6

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 ....................6

*Chavez v. United States*, 683 F.3d 1102 ...............................................................................6, 7

*Conservation Force v. Salazar*, 646 F.3d 1240 .....................................................................6

*Flint v. Dennison*, 488 F.3d 816 ..........................................................................................7

*Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114 .........................................11

*Hebbe v. Pliler*, 627 F.3d 338...............................................................................................7

*Hopson v. Alexander*, 71 F.4th 692.......................................................................................11

*Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879..............................................................................5

*Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147 ........................................................................6

*Rios v. Dillman*, 499 F.2d 329 ................................................................................................................11

*Rumsey v. New York State Dept. of Correctional Svcs.*, 19 F.3d 83........................................................11

*Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867 ........................................................................8

*Shooter v. Arizona*, 4 F.4th 955 ..............................................................................................................10

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035................................................................6

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 ......................................................................................6

*Strandberg v. City of Helena*, 791 F.2d 744 ..........................................................................................10

*United States v. Summers*, 268 F.3d 683 ..............................................................................................10

*Velasquez v. Frapwell*, 160 F.3d 389......................................................................................................11

*Wood v. City of San Diego*, 678 F.3d 1075..............................................................................................7

**STATUTES**

Fed. R. Civ. P.

8(a)(2) ..........................................................................................................................................7

12(b)(6) ........................................................................................................................................6

12(c). ............................................................................................................................................6

12(h)(3) ........................................................................................................................................7

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

## INTRODUCTION & BACKGROUND

This motion is filed on behalf of the two defendants—a California State Senator and her Chief of Staff—both of whom are public officials protected by federal immunities. In brief, Plaintiff alleges[1] that, at the direction of Defendants, a law enforcement officer escorted her and at least one other member of the public from the media room of the Turlock Police Department headquarters—where a press conference was to take place—to a separate area designated for the general public. FAC at pp. 5-10. Plaintiff contends her transfer to the general public area violated her rights under the First, Fourth, and Ninth Amendments of, and Fourteenth Amendment to, the U.S. Constitution. *Id.* The alleged discrimination is claimed to be on the basis of her status as a veteran. *Id.*

But Plaintiff has failed to plausibly allege any constitutional violation was committed by either defendant. For example, Plaintiff alleges that "[d]uring a press conference addressing issues related to sexually violent predators in Stanislaus County, Chief Mullins escorted Mr. Jack Griffith and myself Kelley Coelho out of the venue." FAC at p. 5. Both Plaintiff's "Declaration of Facts" and the "Eyewitness Statement" of Jack Griffith incorporated in her FAC confirm that Plaintiff and Griffith were both "escorted" out of the building where the press conference was to take place. FAC at pp. 5, 14-15. While Plaintiff asserts the legal conclusion that this represented a "seizure," FAC at p. 5, she alleges no facts supporting such a conclusion—no plausible allegation she was forcibly removed, no allegation she was taken into custody, no claim she was not free to leave. She simply was denied access to the media room because attendance was limited to press, dignitaries, and invited speakers, and an alternative space was reserved for members of the general public, like herself. FAC at pp. 14-15. Because Plaintiff has failed to plausibly allege any constitutional violation, on this basis alone, Defendants are entitled to judgment in their favor.

---

[1] For the purposes of the present motion, Defendants assume as true the factual allegations in the First Amended Complaint ("FAC"). *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018).

Additionally, immunity doctrines shield public officials who have performed their duties based on a reasonable understanding of the applicable law from becoming entangled in litigation that subjects them to personal liability. Indeed, sovereign immunity precludes claims for damages against Defendants in their official capacity, and qualified immunity bars the federal constitutional claims for damages against Defendants in their personal capacity.

For all of these reasons, and as explained in greater detail below, Defendants are entitled to judgment in their favor on all claims.

## LEGAL STANDARD

A motion for judgment on the pleadings is brought under Rule 12(c) of the Federal Rules of Civil Procedure, which allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In addition, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions). While the Court must accept all well-pleaded facts as true, it need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, nor "conclusory allegations which are contradicted by documents referred to in the complaint," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

Although a court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, a court "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). When considering plausibility, courts must also consider an "obvious alternative explanation" for defendant's behavior. *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567).

Under Rule 12(h)(3), a complaint must be dismissed when the district court lacks subject matter jurisdiction over the suit, including when a defendant is protected by sovereign immunity. *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

<b>ARGUMENT</b>

**I.     THE ELEVENTH AMENDMENT PRECLUDES ALL CLAIMS AGAINST DEFENDANTS**

The Eleventh Amendment bars suits against government entities that are "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Because "a suit against a state official in his or her official capacity is . . . [a] suit against the official's office," the Eleventh Amendment also shields government officials from suit in their official capacities. *Will*, 491 U.S. at 71 (suit against state official in official capacity "is no different from a suit against the State itself"); accord *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). On this basis alone, all claims against Defendants should be dismissed because Plaintiff brings claims against Defendants, a state legislator and her chief of staff, in their official capacities and solely seeks damages ($5 million).

## II. EVEN IF PLAINTIFF HAD SUED DEFENDANTS IN THEIR PERSONAL CAPACITY, QUALIFIED IMMUNITY WOULD BAR PLAINTIFF'S CLAIMS

Plaintiff's complaint would fare no better had she sued Defendants in their personal capacity, as her claims would also be barred by qualified immunity. Qualified immunity protects "government officials performing discretionary functions from liability for civil damages" unless they are "plainly incompetent" or "knowingly violate the law." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 886 (9th Cir. 2022); *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). To overcome qualified immunity, a plaintiff must plausibly allege: (1) that the government official violated a constitutional right; *and* (2) that the right was clearly established at the time of the conduct at issue. *See Sabra*, 44 F.4th at 886. Plaintiff has not and cannot make either showing.

### A. Plaintiff Fails to Plausibly Allege Any Constitutional Violation by Any Defendant

Plaintiff cannot satisfy the first prong to overcoming qualified immunity because she has failed to allege that either Defendant engaged in unconstitutional conduct.

### 1. Plaintiff Fails to State a First Amendment Claim Against Defendants

Plaintiff's First Amendment claim fails because she does not allege that Defendants suppressed any "speech," much less speech that expressed a particular viewpoint or message. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995) ("[T]he government may not regulate speech based on its substantive content or the message it conveys."). Indeed, Plaintiff is clear that she and Defendants held the same position on the topic of the press conference—the release from prison of certain "sexually violent predators" ("SVPs"). FAC at pp. 5, 14. Plaintiff alleges that a law enforcement officer escorted her from the media room to an area designated for members of the general public like herself, but she does not point to any speech that she was unable to express. Nor does she allege how restricting the media room to press, dignitaries, and invited speakers relevant to the topic of the press conference[2] amounted to viewpoint discrimination.

---

[2] The FAC describes concerned parents who appear to have been invited to attend the press conference. FAC at pp. 14-15.

As the Supreme Court has explained, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). "Nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985). Indeed, the government "no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." *Greer v. Spock*, 424 U.S. 828, 836 (1976). In a nonpublic forum, like the Turlock Police Department's media room, a government entity "may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 46 (1983). Here, the government restricted access to the media room to press, dignitaries, and invited speakers while providing the general public an alternative space to observe the press conference. This was a viewpoint-neutral and reasonable regulation. *Zemel v. Rusk*, 381 U.S. 1, 17 (1965) (noting that excluding the general public from the White House briefing room does not offend the First Amendment).

### 2.    Plaintiff Fails to State a Fourth Amendment Claim Against Defendants

To state a claim for a violation of the Fourth Amendment, a plaintiff must allege facts showing that the government intentionally and unreasonably seized the plaintiff. *See Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (holding that a Fourth Amendment seizure occurs only when there is a governmental termination of freedom of movement through means intentionally applied). The allegations in Plaintiff's FAC, even when construed liberally, do not show *any* seizure—let alone an unreasonable one—committed by either defendant. Plaintiff alleges only that she was approached by a law enforcement officer at the police station who subsequently escorted out her of the police department's media room—where the press conference took place—based on information indicating that Plaintiff, along with others, were not authorized to be in the media room. The declaration of Jack Griffith, which is part of the

9

FAC, indicates further that the officer acted professionally and that the officer's encounter with Mr. Griffith and others was consensual. FAC at pp. 14-15 ["The officer approached me and requested a private conversation. I agreed, and he escorted me outside, asking for verification of my credentials to be in the room."]. "When an encounter is voluntary, no constitutionally protected right is implicated." *United States v. Summers*, 268 F.3d 683, 686 (9th Cir. 2001). Plaintiff does not allege that she was taken into custody, was "seized" in any way, or was not at all times free to go. "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall,* 446 U.S. 544, 554 (1991).

### 3.    Plaintiff Fails to State a Ninth Amendment Claim Against Defendants

Plaintiff's Ninth Amendment claim also fails. The amendment has never been recognized as independently securing any constitutional right. *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *see also Schowengerdt v. U.S.*, 944 F.2d 483, 490 (9th Cir. 1991) ("[Plaintiff's] [N]inth [A]mendment argument is meritless because that amendment has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.")

### 4.    Plaintiff Fails to State an Equal Protection Claim Against Defendants

Plaintiff's equal protection claim against Defendants independently fails because Plaintiff does not plausibly allege that Defendants took *intentionally discriminatory* action—action motivated by animus toward veterans. To state an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate . . . based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021). Discriminatory intent "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of' not merely 'in spite of' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Plaintiff nowhere plausibly alleges that Defendants acted "because of" her veteran status, *id.*; *see Iqbal*, 556 U.S. at 681 ("formulaic recitation of the elements of a constitutional discrimination claim" do not state a claim);

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

*Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013) (same). On the contrary, Plaintiff admits that she was simply being treated as a member of the public, which she is, and not as a member of the credentialed media or a dignitary or invited speaker, for whom the media room was reserved, which she is not.

Separately, Plaintiff's equal protection claim also fails because veterans are not a protected class. *See, e.g.*, *Velasquez v. Frapwell*, 160 F.3d 389, 391 (7th Cir. 1998), vacated on other grounds, 165 F.3d 593 (1999) ("Military personnel are no more a discrete or insular minority than police or firemen."); *Rios v. Dillman*, 499 F.2d 329, 335 (5th Cir. 1974) ("The list of suspect classifications is not plethoric, and thus far does not include veterans."); *cf. Rumsey v. New York State Dept. of Correctional Svcs.*, 19 F.3d 83, 92 (2d Cir. 1994) ("We find no case law supporting the assertion that a class of military reservists is either a suspect class entitled to strict scrutiny or even a quasi-suspect class entitled to intermediate scrutiny").

**B.      Plaintiff Fails to Plausibly Allege That Defendants Violated Any "Clearly Established" Constitutional Right**

Plaintiff has not plausibly alleged a constitutional violation. But even further, to overcome qualified immunity, Plaintiff must *also* show that the allegedly violated right was "clearly established" at the time of the conduct at issue. To plausibly allege that Defendants violated a clearly established constitutional right, Plaintiff must show that "every reasonable official would have understood" that the approach Defendants pursued violated the law "at the time" they pursued it. *al-Kidd*, 563 U.S. at 741. This "demanding standard" requires that existing precedent "must have placed the [constitutional question] beyond debate." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Plaintiff's constitutional claims fail unless she shows that "settled" precedent "clearly prohibited" Defendants' conduct in the "particular circumstances that he or she faced." *Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023). The Supreme Court has repeatedly held that clearly established law may not be defined "at a high level of generality." *See, e.g.*, *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

Plaintiff has not and cannot make this showing because no precedent establishes that Defendants' conduct here violated the Constitution. As the FAC itself shows, a law enforcement

11

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

officer simply escorted Plaintiff from the media room to an area designated for members of the general public like herself. And as noted above, First Amendment law authorizes governmental entities to reserve forums like the media room for use by the press, dignitaries, and invited speakers. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985) ("[A] speaker may be excluded from a nonpublic forum if . . . he is not a member of the class of speakers for whose especial benefit the forum was created[.]"). The White House briefing room, for example, is not open to the general public. Such a regulation is viewpoint neutral and reasonable. *Zemel*, 381 U.S. at 17 ("[T]he prohibition of unauthorized entry into the White House diminishes the citizen's opportunities to gather information . . . , but that does not make entry into the White House a First Amendment right. The right to speak and publish does not carry with it the unrestrained right to gather information."). But even if Plaintiff had a right to remain in the media room, that right is not so "clearly established" as to every reasonable officer under the circumstances. The law enforcement officer and Defendants reasonably believed Plaintiff, as a member of the general public, was not authorized to remain in the media room.

Plaintiff cannot satisfy either prong of the test for overcoming qualified immunity. Her inability to satisfy just one would prove fatal to her claims. In this case, she fails both.

**CONCLUSION**

Plaintiff presents neither legally cognizable theories, nor sufficient facts to support the theories to which she alludes. She, and other members of the general public like Mr. Griffith, were quite simply not legally entitled to remain in the media room. As such, they were escorted out and offered an opportunity to remain in an alternative space reserved for the general public. For the reasons stated above, Defendants respectfully request that the Court grant judgment in favor of Defendants on all claims.

//

//

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS

Dated: May 1, 2025

Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Michael J. Strumwasser
Andrea Sheridan Ordin
Salvador E. Pérez

OFFICE OF LEGISLATIVE COUNSEL
Cara L. Jenkins
Brian A. Bobb
Suli A. Mastorakos

By: _____
            Michael J. Strumwasser

*Attorneys for Defendants Marie Alvarado-Gil,*
*in her official capacity as California State Senator;*
*and Vanessa Bravo in her official capacity as Chief*
*of Staff to Senator Alvarado-Gil*

DEFENDANTS' MEMORANDUM ISO OF MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS