1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KELLEY COELHO,                           Case No.  2:24-cv-2181-DC-JDP (PS)

12                   Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14    MARIE ALVARADO-GIL, *et al.*

15                   Defendants.

16

17          Plaintiff has filed a motion for temporary restraining order.  For the reasons discussed

18    below, I recommend that plaintiff's motion be denied.[1]

19                                        **Background**

20          Plaintiff brings this civil rights complaint against State Senator Marie Alvarado-Gil and

21    her Chief of Staff Vanessa Bravo.  ECF No. 16.  In the first amended complaint, plaintiff alleges

22    that she attended Turlock Police Department's June 2024 press conference about the release of

23    two sexually violent predators.  *Id.* at 2, 7, 14.  Plaintiff and another individual were escorted out

24    of the press area during a press conference without cause.  *Id.*  Plaintiff claims that defendants'

25    actions violated her First, Fourth, Ninth, and Fourteenth Amendment rights.  *Id.* at 5-6.

26          Plaintiff argues in her request for temporary injunctive relief that she has experienced

27

28          [1] The district judge referred this motion to the undersigned.  ECF No. 35.

                                                    1

1    retaliation and harassment, including:

2    > Public statements and social media posts from individuals believed
     > to be politically aligned with Defendant, attacking Plaintiff's
3    > reputation and credibility.

4    > Efforts to intimidate Plaintiff's supporters and associates,
     > discouraging them from engaging with Plaintiff's campaign or
5    > business.

6    > Coordinated interference with Plaintiff's child's education and
     > safety by community members and school officials allegedly
7    > connected to Defendant.

8    ECF No. 34 at 2.  Plaintiff also states that her daughter has been subjected to "bullying, targeting,

9    and retaliation in her educational environment, allegedly instigated or encouraged by individuals

10   politically or personally aligned with Defendant." *Id.*  Plaintiff further argues that defendants

11   have engaged in "political collusion and misuse of influence" and "emotional and professional

12   harm." *Id.* at 2-3.

13       Plaintiff seeks by way of relief and order prohibiting defendant and her agents from:

14   > Engaging in further harassment, retaliation, or intimidation of
     > Plaintiff and her family.
15
     > Making public or private statements intended to harm Plaintiff's
16   > reputation or safety.

17   > Contacting Plaintiff directly or indirectly.

18   *Id.* at 5.

19                           **Legal Standards**

20       A temporary restraining order, as with any preliminary injunctive relief, is an

21   extraordinary remedy that is never awarded as of right.  *See Winter v. Natural Res. Def. Council,*

22   *Inc.*, 555 U.S. 7, 24 (2008).  The standards that govern temporary restraining orders are

23   "substantially similar" to those that govern preliminary injunctions.  *Washington v. Trump*, 847

24   F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain injunctive relief, plaintiff must show

25   (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of

26   preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in

27   the public interest.  *Winter*, 555 U.S. at 20.  "The first factor under *Winter* is the most important—

28   likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

1    Federal Rule of Civil Procedure 65(b) provides that:

2    (a)(1) **Notice.** The court may issue a preliminary injunction only on
      notice to the adverse party.

3    . . . .

4    (b)(1) **Issuing Without Notice.** The court may issue a temporary
      restraining order without written or oral notice to the adverse party
5    or its attorney only if:

6    (A) specific facts in an affidavit or a verified complaint clearly
7    show that immediate and irreparable injury, loss, or damage will
      result to the movant *before* the adverse party can be heard in
8    opposition; and

9    (B) the movant's attorney certifies in writing any efforts made to
      give notice and the reasons why it should not be required.
10

11    In addition, this court's Local Rules impose specific requirements for the issuance of a

12    temporary restraining order. Local Rule 231 requires "actual notice to the affected party and/or

13    counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate

14    notice would inform the affected party and/or counsel of the intention to seek a temporary

15    restraining order, the date and time for hearing to be requested of the Court, and the nature of the

16    relief to be requested." *Id.* Further, Local Rule 231 requires the court to consider "whether the

17    applicant could have sought relief by motion for preliminary injunction at an earlier date without

18    the necessity for seeking last-minute relief by motion for temporary restraining order." Local

19    Rule 231(b). If the court finds that there was undue delay in seeking injunctive relief, the court

20    may deny the requested temporary restraining order on those grounds. *Id.*

21    Denial of plaintiff's motion is appropriate on procedural grounds. Plaintiff has not

22    demonstrated that she provided notice to defendants, as required by the Federal Rules of Civil

23    Procedure and the court's Local Rules. "Courts regularly deny temporary restraining orders

24    where movants fail to comply with procedural requirements, including where the movants are pro

25    se plaintiffs." *Brewer v. Loancare*, LLC, No. 2:25-CV-01157-DC-CSK (PS), 2025 WL 1400288,

26    at *2 (E.D. Cal. May 14, 2025); *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131

27    (9th Cir. 2006) (discussing Federal Rule of Civil Procedure 65 and noting that "courts have

28    recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining

3

1    order]"); *Abdel-Malak v. Doe*, No. 5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal.

2    Feb. 20, 2020) (denying temporary restraining order sought by a pro se plaintiff for failure to

3    satisfy Rule 65(b)'s "strict requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d

4    1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local

5    rules is well within a district court's discretion.").

6         Apart from the notice issue, the motion suffers from unreasonable delay.  Plaintiff waited

7    nearly nine months after the filing of her original complaint to move for a temporary restraining

8    order, further demonstrating that the injury alleged is not so immediate as to justify an ex parte

9    temporary restraining order.  Plaintiff has had sufficient time to seek "relief by motion for

10   preliminary injunction at an earlier date without the necessity for seeking last minute relief by

11   motion for temporary restraining order."  Local Rule 231(b); *see Occupy Sacramento v. City of

12   Sacramento*, 2:11-cv-2873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov. 4, 2011) (denying an

13   application for a temporary restraining order due to twenty-five-day delay in seeking that relief);

14   *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-cv-0784-MCE, 2013 WL 1819988, at *7

15   (E.D. Cal. Apr. 30, 2013) (denying an application for a temporary restraining order due to a six-

16   month delay in seeking that relief).

17        Plaintiff's motion is also substantively defective.  A temporary restraining order "is

18   appropriate when it grants relief of the same nature as that to be finally granted."  *Pac. Radiation

19   Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *De Beers Consol.

20   Mines v. United States*, 325 U.S. 212, 220 (1945)).  While new allegations of misconduct may

21   support additional claims against a defendant, "they do not support preliminary injunctions [or

22   temporary restraining orders] entirely unrelated to the conduct asserted in the underlying

23   complaint."  *Id.* (citing *De Beers Consol. Mines*, 325 U.S. at 220) (alteration added).  Thus, "there

24   must be a relationship between the injury claimed in the motion for injunctive relief and the

25   conduct asserted in the underlying complaint."  *Id.*  This relationship is sufficiently strong if the

26   temporary relief sought "would grant 'relief of the same character as that which may be granted

27   finally.'"  *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. at 220).  Absent this nexus, the court

28   "lacks authority to grant the relief requested."  *Id.*

The crux of plaintiff's first amended complaint is that her removal from the press area at then June press conference violated her First, Fourth, Ninth, and Fourteenth Amendment rights. By contrast, here, plaintiff argues that defendant and others affiliated with her are harassing and intimidating plaintiff and her family.  While I make no determinations on the sufficiency of those allegations, they are too far removed from the allegations in first amended complaint to warrant temporary injunctive relief.  Accordingly, the court "lacks authority to grant the relief requested," *Pac. Radiation Oncology*, 810 F.3d at 636, and I will recommend that plaintiff's motion for temporary restraining order be denied.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 34, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 20, 2025                                          _____
                                                               JEREMY D. PETERSON
                                                               UNITED STATES MAGISTRATE JUDGE