UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO,<br><br>            Plaintiff,<br><br>    v.<br><br>MARIE ALVARADO-GIL, *et al.*,<br><br>            Defendants. | Case No.  2:24-cv-2181-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, brings this case against defendants Marie Alvarado-Gil, a California State Senator, and her Chief of Staff, Vanessa Bravo.  Pending before the court is plaintiff's motion for reconsideration of its prior order denying plaintiff electronic filing privileges, motion for ADA assistance, motion for a protective order, and defendants' motion for judgment on the pleadings.  For the reasons stated below, I will deny plaintiff's motions and recommend that defendants' motion be granted with leave to amend.

**I.    Motion for Judgment on the Pleadings**

**A.    Legal Standards**

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6).  *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2nd Cir.1998).  The primary distinction between a

1

1  Rule 12(b)(6) motion and a motion for judgment on the pleadings is one of timing. Rule 12(b)(6)
2  motions are typically brought before the defendant files an answer, while a motion for judgment
3  on the pleadings can only be brought after the pleadings are closed. Fed. R. Civ. P. 12(c).

4        Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled
5  in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. *Hal*
6  *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In
7  addition to considering the allegations of the complaint, like a motion under Rule 12(b)(6), the
8  court may also take into account materials to which it can take judicial notice. *Heliotrope Gen.,*
9  *Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999). A Rule 12(c) motion may
10 consequently be granted if, after assessing both the complaint, plus matters for which judicial
11 notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that
12 would support his claim for relief . . . ." *R.J. Corman Derailment Services, LLC v. Int'l Union of*
13 *Operating Engineers, Local 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

14     **B.**    **Background**

15       This action proceeds on plaintiff's first amended complaint, wherein she alleges that
16 defendants violated her First, Fourth, Ninth, and Fourteenth Amendment Rights. ECF No. 16.

17       Plaintiff alleges that on June 21, 2024, defendant Alvarado-Gil held a press conference at
18 the Turlock County Police Department press room to address issues related to sexually violent
19 predators ("SVP"). *Id.* at 5. The impetus for the press conference was that two SVP were
20 scheduled to be released from a state hospital.[1] *Id.* at 14.

21       Plaintiff, and another individual, Jack Griffith, were inside the press room when Griffith
22 was approached by an officer who asked to have a conversation with Griffith. *Id*. Griffith agreed
23 and was escorted out of the press room. *Id.* at 15. The officer asked about Griffith's and
24 plaintiff's press room credentials. *Id.* Griffith told the officer that he could provide his
25 credentials, and plaintiff stated that her credentials were in her purse inside the building. *Id.* The
26 officer then instructed plaintiff and Griffith to wait outside until the press room was cleared. *Id.*

27
28       [1] Many of the factual allegations are found in an attached statement from Jack Griffith. ECF No. 1 at 14-15.

1  Plaintiff alleges that Turlock Police Chief Mullins had her and Griffith removed at the behest of
2  defendants because plaintiff is a disabled veteran. *Id.* at 8, 16.

### C.  Analysis

Defendants argue that plaintiff's official capacity claims are barred by the Eleventh Amendment and that plaintiff's personal capacity claims are barred by qualified immunity.[2] ECF No. 29-1 at 7-8. Because plaintiff's official capacity claims are barred and the complaint fails to sufficiently plead any constitutional claim, I recommend that defendants' motion be granted.

#### 1.  Eleventh Amendment Immunity

The Eleventh Amendment bars a lawsuit against a state or its agencies absent the state's consent or Congressional abrogation of immunity. *Papasan v. Allain*, 478 U.S. 265, 276-77 (1986). The Eleventh Amendment also "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity." *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645 (N.D. Cal. 2007); *see Central Reserve Life of N. Am. Ins. Co. v. Struve ("Central Reserve")*, 852 F.2d 1158, 1160-61 (9th Cir. 1988). Here, plaintiff does not explicitly state whether she brings her claims against defendants in their official or individual capacities, but if she intended to assert claims against defendants in their official capacity, those claims are barred.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (clarifying that suits against state officials in their official capacity are no different from suits against the state itself).

#### 2.  Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil

---

[2] In a rather atypical manner, defendants argue that the court should find that they are entitled to qualified immunity because plaintiff fails to plead a constitutional claim. *See Kelly v. Gallagher*, No. CV-23-00068-TUC-CKJ, 2025 WL 861952, at *5 (D. Ariz. Mar. 19, 2025) ("The Court is aware that it acts at the confluence of two well-intentioned doctrines, notice pleading and qualified immunity, that give rise to an exercise in legal decision-making based on facts both hypothetical and vague."). The undersigned will construe defendants' argument as a simpler one—that plaintiff has failed to state a claim. Defendants may raise the issue of qualified immunity at a later date, if plaintiff pleads cognizable constitutional claims.

[3] Plaintiff also seeks only monetary relief, not prospective relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) ("[W]e often have found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." (quotation marks omitted)).

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity, the court asks, in the order it chooses, (1) whether the alleged misconduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018). Plaintiff asserts claim under four constitutional claims. The court will address whether the alleged misconduct violated plaintiff's constitutional rights in turn.

First, plaintiff alleges that defendants' directive to exclude her from the press room was a violation of her First Amendment right to speech, assembly, and privacy. ECF No. 16 at 5. This threadbare allegation cannot support a First Amendment claim. Although the First Amendment covers a diverse array of rights such as freedom of speech, freedom of press, religious freedom, freedom of assembly, and the right to petition the government, plaintiff does not set forth sufficient facts establishing that her First Amendment rights were violated.

Next, plaintiff alleges that she was forcibly removed from the press room, which resulted in an unlawful seizure and restriction of her freedom, and which prevented her from being at a public event without justification. ECF No. 16 at 5. To state a claim for unlawful seizure or detention, plaintiff "must allege facts plausibly showing that, considering the circumstances known to the officer at the time, (1) the officer did not have a reasonable suspicion to believe that plaintiff was engaged in criminal activity, and (2) the length and scope of the seizure was unreasonable." *Calderon v. City of San Jose*, No. 24-cv-0289-VKD, 2024 WL 3560729, at *3 (N.D. Cal. July 26, 2024) (citing *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)).

Plaintiff fails to state a claim for unlawful seizure. The only allegation in the complaint is that plaintiff was removed from the press room by an officer. The complaint is silent as to the events or circumstances preceding her alleged seizure or detention by officers. Plaintiff's complaint is also silent regarding the length and scope of any alleged seizure. These general, conclusory allegations are insufficient to state a claim.

The complaint next alleges that plaintiff's Ninth Amendment rights were violated because her fundamental rights were unjustly infringed upon, and she was not allowed to engage in public discourse or advocacy.[4] ECF No. 16 at 5. "[T]he Ninth Amendment 'has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation.'" *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir.1996) (quoting *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991)). As long as Congress acts pursuant to an enumerated power and does not exceed a "specific limitation" on that power, an "objection . . . that the exercise of [that] power infringes upon rights served by the ninth and tenth amendments . . . must fail." *Barton v. C.I.R.*, 737 F.2d 822, 823 (9th Cir. 1984) (per curiam). Accordingly, plaintiff's Ninth Amendment claim fails to state a claim for relief.

Finally, plaintiff alleges that defendants violated the Fourteenth Amendment by subjecting her to disparate treatment. ECF No. 16 at 5. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "'The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995)). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Id.* (citation omitted). The complaint does not allege that she is a member of a protected class, or how defendants acted with a discriminatory intent or purpose based on her membership in that protected class.[5]

---

[4] Plaintiff provides no statement of support for her Ninth Amendment claim in her opposition to defendants' motion for judgment on the pleadings, which leads to the court to believe that plaintiff might not contest the dismissal of that claim.

[5] Plaintiff alleges that she belongs to the protected class of disabled veterans. However, "the disabled do not constitute a suspect class" for equal protection purposes, *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996), and neither does being a veteran, *see Miller v.*

5

Because plaintiff has not stated a constitutional claim, the court need not consider the second prong of the qualified immunity analysis and dismisses the complaint on the grounds that it fails to state a claim.

## II.   Plaintiff's Motions

Plaintiff moves for reconsideration of my prior order denying her electronic filing privileges and has filed motions for ADA assistance and for a protective order. ECF Nos. 26, 27, & 30. For the reasons explained below, each motion is denied.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff seeks reconsideration of the court's order denying her electronic filing privileges on the basis that she is now has formal ADA protections, her disability makes it difficult for her to file documents in-person or via mail, and other courts have allowed pro se litigants permission to electronically file. ECF No. 26 at 2. Plaintiff asks in the alternative that she be referred to the court's ADA coordinator.[6] *Id.*

As previously explained to plaintiff, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall

---

*United States*, 73 F.3d 878, 881 (9th Cir. 1995).

[6] The court provides accommodations for persons with communication disabilities. Should plaintiff have challenges with communication, she may contact the court's access coordinator (https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/).

be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). The court finds that plaintiff has not demonstrated a proper basis under Rule 60(b) to reconsider its prior order denying her permission to electronically file. And in any event, plaintiff has demonstrated that she is sufficiently capable of filing documents and pleadings without electronic access. *See* ECF Nos. 1, 2, 6, 15, 16, 18 ,19, 26, 27, 28, 30, 31, 32, 33, & 34.

Plaintiff next moves for "Court-Provided Assistance with Filings" and "Clerk's Office Assistance with E-Filing and Case Management." ECF No. 27. Plaintiff asks that the court assist her with "formatting, submission[s], and case tracking," "a minimum 14-day extension for all filing deadlines as needed," "[a]ppointment of a court assistant or legal navigator," and "Clerk's office assistance with e-filing and case management." *Id.* at 2.

Such a motion is not contemplated by the Federal Rules of Civil Procedure and thus will be denied. Additionally, the court will not permit a blanket extension on all deadlines. Should plaintiff need additional time, she may file a motion which demonstrates good cause for an extension.

Finally, plaintiff moves for a protective order. ECF No. 30. This motion is denied because it was not properly noticed and because it fails to comply with the requirements of Federal Rule of Civil Procedure 26(c). The motion, brought under the discovery rules, needed to comply with my civil standing order, which requires that the parties to engage in a pre-discovery motion conference. The parties are directed to review my civil standing order, especially in regard to discovery motions, before filing any future motions. Further, Federal Rule 26(c) requires a motion for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff's motion contains no such certification.

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration, ECF No. 26, motion for ADA assistance, ECF No. 27, and motion for a protective order, ECF No. 30, are denied.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings, ECF No. 29, be GRANTED.

2. Plaintiff's first amended complaint, ECF No. 16, be DISMISSED with leave to amend.

3. Plaintiff shall file a second amended complaint within fourteen days for any order addressing these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE