UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY COELHO, | Case No.  2:24-cv-2181-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| MARIE ALVARADO-GIL, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding pro se, has filed a motion asking for additional time to retain counsel and for accommodations under the Americans with Disabilities Act.  ECF No. 40.  Plaintiff commenced this action in August 2024.  Given that she has not retained counsel over the ensuing eighteen months, the court does not find good cause for granting the requested extension. Plaintiff is notified that she may retain counsel at any time during the pendency of this action.

Plaintiff also requests accommodation under the Americans with Disabilities Act in the form of "scheduling flexibility" and "clear communications."  *Id.* at 1-2.  Should plaintiff require additional time to comply with any court-imposed deadline, she may file a motion asking for additional time.  Plaintiff is also notified that all communications from the court will be provided in writing.  Accordingly, plaintiff's request for accommodations is denied as unnecessary.

1

Plaintiff has also filed a renewed motion for a temporary restraining order.  ECF No. 44.  She asks that the court issue an order enjoining defendants from interfering with her attendance at public events and threatening and surveilling plaintiff.

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain preliminary injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. at 20.  Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Plaintiff's first amended complaint alleges that defendants violated her First, Fourth, Ninth, and Fourteenth Amendment Rights by removing her from a press conference held in June 2024.  ECF No. 16.  Defendants filed a motion for judgment on the pleadings.  ECF No. 29.  On June 4, 2025, I recommended that defendants' motion be granted because the amended complaint's allegations are insufficient to state a claim for violation of plaintiff's constitutional rights and, to the extent defendants were sued in their official capacity, her claims are barred by the Eleventh Amendment.[1]  ECF No. 41.  Because plaintiff has failed to state a claim against defendants, for the reasons explained in the June 4, 2025 findings and recommendations, she has failed to demonstrate a likelihood of success on the merits.  Plaintiff has also failed to show that she will suffer irreparable harm absent preliminary injunctive relief.

Accordingly, it is hereby ORDERED that plaintiff's motion for an extension of time to obtain counsel and for ADA accommodation, ECF No. 40, is DENIED.

---

[1] The June 20, 2025 findings and recommendations are currently pending consideration before the assigned district judge.

Further, it RECOMMENDED that plaintiff's renewed motion for a temporary restraining order, ECF No. 44, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 26, 2026

_____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3