Brandon J. Schwartz (SBN 361655)
Schwartz APC
1104 Corporate Way, Ste. 244
Sacramento, CA 95831
Telephone: (916) 571-3205
Fax: (279) 348-8203
Email: brandon.schwartz@schwartzapc.com

Attorney for Plaintiff
**Kelley Coelho**

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KELLEY COELHO,

Plaintiff,

vs.

MARIE ALVARADO-GIL, et al..

Defendants.

Case No. 2:24-CV-02181-DC-JDP

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF AND AN ORDER TO STAY THESE PROCEEDINGS**

Date: December 18, 2026

Time: 1:30 p.m.

Dept: Courtroom 10

Judge: Hon. Dena M. Coggins

## I. INTRODUCTION

Plaintiff Kelley Coelho filed this case *pro se* on August 14, 2024. On July 1, 2026, this Court signed a substitution of attorney naming Brandon Schwartz / Schwartz APC ("Schwartz") as counsel for the Plaintiff. The Plaintiff has failed to make payment under her fee agreement and has not responded to counsel's offers for alternative arrangement.

Schwartz respectfully asks Court permission to withdraw as counsel and for an order staying this matter as of the date of any order granting this Motion.

## II. ARGUMENT

### a. The California Rules of Professional Conduct Permit Withdrawal in the Present Circumstances.

#### i. The Law Governing Attorney Withdrawal

Withdrawal is governed by the California Rules of Professional Conduct and the Local Rules of this Court. See, Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); Canandaigua Wine Co. v. Edwin Moldauer, No. 102CV06599 OWWDLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009); L.R. 182(d). Where, as here, the Rules allow for permissive withdrawal, leave of the court is necessary. Cal. Rules of Prof'l. Conduct R. 1.16(c) ("If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission.").

California Rule of Professional Conduct 1.16(b) sets forth several grounds under which an attorney may request permission to withdraw. An attorney may withdraw if the client breaches an agreement or obligation as to expenses or fees. Cal. Rules of Prof'l. Conduct R. 1.16(b)(5); Vahora v. Valley Diagnostics Lab'y Inc., No. 1:16-CV-01624-SKO, 2018 WL 4292237, at *3 (E.D. Cal. Sept. 7, 2018) (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fees and client refused to communicate with its attorney). An attorney may also request withdrawal on the basis of "conduct [that] renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rules of Prof'l. Conduct R. 1.16(b)(4). In addition, an attorney may withdraw if he believes in good faith

that the tribunal will find the existence of other good cause for withdrawal. Cal. Rules of Prof'l. Conduct R. 1.16(c)(10).

**ii. The Plaintiff has failed to pay the firm's fee and has ceased responding to communications about the agreement.**

On or about June 26, 2026, Schwartz was retained to represent Plaintiff in this matter.

As of the date of filing this Motion, there is a significant amount of unpaid fees owed to Schwartz. As of the date of filing this Motion, the Plaintiff has not paid any payment. As of the date of filing this Motion, the Plaintiff has stopped responding to counsel concerning this issue. Schwartz has made numerous good faith efforts to communicate with Ms. Coelho about the terms of representation. Other than brief communication about another case and confirmation that she received the status report concerning Defendant David Mullins, there has been no communication. Communications and case handling strategies have been impacted by these developments.

Schwartz has informed counsel for Defendants Alvarado-Gil and Bravo of his intent to withdraw. They advise that they are not opposed to Schwartz withdrawing but are opposed to a stay as long as their motion to dismiss remains pending. Decl. Brandon J. Schwartz ¶¶ 3-5.

**b. Counsel Has Taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to the Plaintiff.**

Schwartz has taken reasonable steps to avoid foreseeable prejudice to the Plaintiff, including giving her due notice and allowing time for her to employ other counsel, as the rules require. Cal. Rules of Prof'l. Conduct R. 1.16(d) ("A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" Throughout this time, Schwartz has continued to actively and diligently litigate this action on the Plaintiff's behalf, despite the fact he has not been paid, and has adequately apprised the Plaintiff of his intent to withdraw. Decl. ¶¶ 6-10.

To date, the Plaintiff has not retained new counsel. Accordingly, if the Plaintiff has not identified new counsel by the time this motion is decided, Schwartz respectfully requests

pursuant to Fed. R. Civ. Proc. 6(b) that these proceedings be stayed for at least sixty days effective as of the date of any Order granting this Motion, to allow the Plaintiff additional time to secure new counsel.

**c. Service of Motion**

The Movant has served these papers via email and by certified mail on the Plaintiff.

**d. Contact Information for the Plaintiff**

The current or last known address for the Plaintiff:

Kelley Coelho
P.O. Box 1115
Hughson, CA 95326

## III. CONCLUSION

For the foregoing reasons, sufficient good cause exists to permit Brandon Schwartz / Schwartz APC to withdraw as counsel of record for the Plaintiff, and he respectfully requests that the Court enter an order: (i) Granting this Motion; (ii) Withdrawing Brandon Schwartz / Schwartz APC as counsel of record for the Plaintiff; and, (iii) Relieving Brandon Schwartz / Schwartz APC of any and all further obligations on behalf of the Plaintiff in this case.

Date: October 24, 2026

By: /s/ Brandon J. Schwartz
Brandon J. Schwartz
Attorney for Plaintiff KELLEY COELHO